UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERESA WATSON

        Plaintiff,

  v.

J.C. PENNEY, LISA LEWIS, and JULIE BRIDDELL,

        Defendant.

Case No. 24-cv-1636-JPG

**MEMORANDUM AND**
**ORDER FOR SERVICE**

This matter comes before the Court on three motions filed by plaintiff Teresa Watson: a motion for leave to proceed *in forma pauperis* (Doc. 2), a motion for service of process at government expense (Doc. 3), and a motion for access to electronic filing ("CM/ECF") (Doc. 4).

**I**    **Motion for Leave to Proceed** ***In Forma Pauperis*** **(Doc. 2)**

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Watson's affidavit that she is indigent. However, she does not state enough facts to plausibly suggest relief for any type of impermissible discrimination or retaliation on the face of the complaint. The EEOC charge she attaches to her complaint suggests discrimination on the basis of sex in the form of sexual harassment and retaliation. The Court will allow Watson to proceed on those claims *in forma pauperis*. If she wishes to proceed on any other claims, she must replead in an amended complaint enough facts to plausibly suggest she is entitled to relief on those claims. Further, since only an employer, not individual supervisors, can be liable for sex discrimination or retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., *Williams v. Banning*, 72 F.3d 552, 554-55 (7th Cir. 1995); *see Robinson v. Sappington*, 351 F.3d 317, 332 n. 9 (7th Cir. 2003), the Court will dismiss defendants Lewis and Briddell without prejudice.

For the foregoing reasons, the court will grant the plaintiff's motion for leave to proceed *in forma pauperis* against J.C. Penney on her sex discrimination and retaliation claims (Doc. 2). All other claims are dismissed without prejudice for failure to state a claim  pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.**     **Motion for Service of Process at Government Expense (Doc. 3)**

The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States Marshal or Deputy Marshal or other specially appointed person. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

The Court **DIRECTS** the Clerk of Court to send the plaintiff a sufficient number of blank summons forms and USM-285 forms along with this order. If the plaintiff wishes the United States Marshals Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshals Service the summons issued in this case, the appropriately

completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

### III.     Access to CM/ECF (Doc. 4)

Watson asks the Court to allow her to access her case file electronically and view documents free of charge. The only way to do this is to allow her to register as an official CM/ECF user. Electronic Case Filing Rule 1 permits *pro se* litigants to use the CM/ECF system for a specific case with prior approval of the Court. Once a Court grants authorization in a particular case, to gain access to CM/ECF, ECF Rule 2 requires the *pro se* litigant to register for an "e-file only" account at www.pacer.gov.

Registration with CM/ECF has consequences, including that the *pro se* litigant may no longer submit paper filings and will no longer receive paper mailings from the Court or the defendant. The consequences of CM/ECF registration are explained in Section V of the Court's *Pro Se* Litigant Guide, which is available at https://www.ilsd.uscourts.gov/forms-0. The ECF Rules are available at https://www.ilsd.uscourts.gov/electronic-case-filing, and the CM/ECF User's Manual is available at https://www.ilsd.uscourts.gov/general-information. Other resources regarding use of the CM/ECF and PACER systems are available at https://pacer.uscourts.gov/help.

Without being sure that Watson is aware of the consequences and responsibilities of registration as a CM/ECF user, the Court is hesitant to authorize her as a CM/ECF user.

Consequently, the Court will deny her request for electronic access to CM/ECF without prejudice. However, the Court would entertain a renewed motion in which Watson assures the Court that she has read the ECF Rules and Section V of the *Pro Se* Litigant Guide.

## IV. Conclusion

For the foregoing reasons, the court:

- **GRANTS** the motion for leave to proceed *in forma pauperis* as to the sex discrimination and retaliation claims against J.C. Penney (Doc. 2);

- **DISMISSES without prejudice** all other claims, including claims against defendants Lewis and Briddell, who are terminated from this case;

- **GRANTS** the motion for service of process at government expense as set forth above; and

- **DENIES without prejudice** the motion for access to CM/ECF (Doc. 4).

**IT IS SO ORDERED.**
**DATED:  July 2, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**