UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA WATSON, <br><br>            Plaintiff, <br><br>     v. <br><br> J.C. PENNEY, <br><br>            Defendant. | Case No. 24-cv-1636-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on a document captioned "Accepted 1-14-25 Memorandum and Order Offer to 'State' More 'Claims'" filed by plaintiff Teresa Watson (Doc. 16). It appears plaintiff misunderstands the Court's January 14, 2025, order (Doc. 15).

The Court's January 14, 2025, order reviewed the facts pled in Watson's Amended Complaint (Doc. 11) to determine on which claims she would be allowed to proceed *in forma pauperis* and which claims would be dismissed. It examined which of the claims she attempted to plead in her Amended Complaint actually stated a claim for relief and were not frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B). It did not invite further factual pleading, nor will the Court accept further factual pleading unless Watson seeks leave to file a further amended complaint. Under the Amended Complaint, Watson may proceed only on her claim of discrimination on the basis of sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, when her employment was terminated.

While Watson does not need to serve her pleading and a summons on defendant J.C. Penney pursuant to Federal Rule of Civil Procedure 4(c)(3) and (h)—that was accomplished by the U.S. Marshals Service's service of the original Complaint on August 30, 2024—she must serve a later pleading as required by Federal Rule of Civil Procedure 5(a)(1)(B) using one of the

methods set forth in Rule 5(b)(2).[1]  She must then file a certificate of that service a reasonable time after the later pleading is accomplished as provided in Rule 5(d)(1).  In light of Watson's confusion about the service requirements, the Court extends the deadline for filing the certificate of service of the Amended Complaint on defendant J.C. Penney to fourteen days from entry of this order.

The Court further reminds Watson of SDIL-LR 5.1(a)'s requirement that filings must be double-spaced.  The failure to double-space filings in the future may subject the document to summary striking.

**IT IS SO ORDERED.**
**DATED:  February 11, 2025**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**

---

[1] Rule 5(b)(2) states:
    **(2)** *Service in General.*  A paper is served under this rule by:
        **(A)** handing it to the person;
        **(B)** leaving it:
            **(i)** at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
            **(ii)** if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
    **(C)** mailing it to the person's last known address—in which event service is complete upon mailing;
    **(D)** leaving it with the court clerk if the person has no known address;
    **(E)** sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or
    **(F)** delivering it by any other means that the person consented to in writing--in which event service is complete when the person making service delivers it to the agency designated to make delivery.