UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERESA WATSON

        Plaintiff,

  v.                                         Case No. 24-cv-1636-JPG

J.C. PENNEY,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on a document captioned "Accepted 2-11-25 Memorandum and Order Offer to Revise and File this Amended Complaint" filed by plaintiff Teresa Watson (Doc. 18). The Court construes this document as a motion for leave to file a Second Amended Complaint.

It appears from this filing that Watson still does not understand her obligation to serve the Amended Complaint (Doc. 11) on defendant J.C. Penney. The Court will explain it in the simplest of terms and will extend the deadline for an additional reasonable period.

1.     **Watson must serve the Amended Complaint on J.C. Penney.** When Watson filed her Amended Complaint (Doc. 11), she (not the U.S. Marshals Service) was obligated to serve it on defendant J.C. Penney. That means she needed to give J.C. Penney a copy of the Amended Complaint. Federal Rule of Civil Procedure 5(a)(1) provides that "a pleading filed after the original complaint" must be served on every party.

2,     **Watson has choices about how to serve the Amended Complaint on J.C. Penney.** The choices for how to serve a pleading filed after the original complaint was served by the U.S. Marshals Service are in Rule 5(b)(2), which states:

> **(2)** *Service in General.* A paper is served under this rule by:
>     **(A)** handing it to the person;
>     **(B)** leaving it:
>         **(i)** at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

     **(ii)** if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
  **(C)** mailing it to the person's last known address—in which event service is complete upon mailing;
  **(D)** leaving it with the court clerk if the person has no known address;
  **(E)** sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or
  **(F)** delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

3. <u>**Watson must use one of these methods to give a copy of the Amended Complaint to J.C. Penney.**</u>  By far the most common way for *pro se* litigants (those who are not represented by attorneys) to serve documents on the opposing party is by "mailing it to the person's last known address."  Thus, one way Watson may serve the Amended Complaint is by mailing a copy of it to J.C. Penney.  She may also serve J.C. Penney using any of the other methods listed in Rule 5, although in the Court's experience, mailing through the U.S. Postal Service is usually the easiest.

4. <u>**Watson must then tell the Court when and how she gave J.C. Penney a copy of the Amended Complaint.**</u>  If she decides to mail a copy of the Amended Complaint to J.C. Penney, she must file with the Court a certificate showing that she has in fact mailed the Amended Complaint through the U.S. Postal Service to J.C. Penney.  She must state (a) what document she mailed, (b) the date she mailed it, and (c) the address she mailed it to.  She has identified the correct form (Doc. 18, p. 33), but she has not filled it in correctly.  If she decides to use another method of giving J.C. Penney a copy of the Amended Complaint, she must file a certificate stating the details of when, how, and where she did so.

5. <u>**Watson must file the certificate of service within a reasonable time of giving the Amended Complaint to J.C. Penney.**</u>  A reasonable time is usually a few days after the service, but how long a reasonable period is will depend on the facts and circumstances of each case.  The Court recommends

that Watson file the certificate of service—alone without any other pages in the document—as soon as she mails the Amended Complaint to J.C. Penney, if she choses service by mail.

6. **<u>Watson must also serve her motion for leave to file a Second Amended Complaint on J.C. Penney.</u>**  She may use any of the methods in Rule 5(b)(2), and she needs to file a certificate of service for that motion as well.

In light of Watson's confusion about the service requirements, the Court extends the deadline for filing the certificate of service of the Amended Complaint on defendant J.C. Penney to fourteen days from entry of this order.  She must also serve her motion for leave to file a Second Amended Complaint and file a certificate of service by that deadline as well.  If Watson fails to file the appropriate certificates of service before this extended deadline, the Court will strike her Amended Complaint and her motion for leave to file a Second Amended Complaint.  It may also dismiss her case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and its inherent authority to manage its docket.

Watson is advised to review the Federal Rules of Civil Procedure, available at https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure, as well as the Court's Local Rules, available at https://www.ilsd.uscourts.gov/local-court-rules.  Both provide the rules for proceeding in a federal case in this district.

**IT IS SO ORDERED.**
**DATED:  March 10, 2025**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**