UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERESA WATSON

      Plaintiff,

v.

J.C. PENNEY,

      Defendant.

Case No. 24-cv-1636-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Teresa Watson's motion for a new federal judge, which the Court construes as a motion for recusal of the undersigned judge (Doc. 29). As a preliminary matter, the filing is subject to striking because it is not double-spaced as required by SDIL-LR 5.1(a). The Court warned Watson as much in a February 11, 2025, order (Doc. 17) and warns her again that it may summarily strike any further single-spaced filings. Notwithstanding the formatting error, the Court will consider and deny Watson's motion because it does not satisfy the requirements for recusal under 28 U.S.C. § 455 or 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a), "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). The decision to recuse turns not on the judge's actual partiality but on the appearance of partiality. *Hatcher*, 150 F.3d at 637 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)).

Under 28 U.S.C. § 455(b)(1), a judge must recuse himself "[w]here he has a personal bias

or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Bias justifying recusal must arise from an extrajudicial source. *O'Regan v. Arb. Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001). "[N]either judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009) (quoting *Liteky*, 510 U.S. at 555).

Under 28 U.S.C. § 144, a judge must recuse himself "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." An affidavit is not timely unless filed as soon as the movant is aware of the facts establishing the basis for the judge's disqualification. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). An affidavit must allege facts that are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *O'Regan*, 246 F.3d at 989 (internal quotations omitted). As with § 455(b)(1), the bias must come from an extrajudicial source before it will justify recusal. *Id.* at 988.

A judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *New York City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980-81 (7th Cir. 1986); *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). A recusal statute "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols*, 71 F.3d at 351 (internal quotations omitted). The Court is also mindful that the recusal statutes are not judge-shopping devices. *United States v. Walsh*, 47 F.4th 491, 500 (7th Cir. 2022); *Hook*, 89 F.3d at 354.

Watson has asserted nothing outside of court rulings that would cause any reasonable person to doubt the Court's impartiality or to believe any actual bias exists. Nor has she pointed to any Court ruling that displays a deep-seated favoritism or antagonism such that the Court cannot be fair. And finally, she has not submitted the affidavit required by § 144.

In actuality, the Court has spent an inordinate amount of time sorting through Watson's lengthy, fact-filled pleadings and proposed pleadings to identify any viable causes of action. It has further scrupulously read each of her detailed, often cryptic, filings in an attempt to discern exactly what she was seeking and why, and it has attempted to guide her through the basic litigation requirement to serve the opposing party with her filings. The Court's careful attention to Watson's case has, contrary to her assertions, demonstrated its fairness, integrity, and commitment to arriving at a just resolution to her case.

For these reasons, the Court **DENIES** Watson's motion for the Court's recusal (Doc. 29).

**IT IS SO ORDERED.**
**DATED:  October 7, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
